Good morning your honors. Counsel may it please the court. I'm Veronica Rossman with the Federal Public Defender on behalf of Mr. Bacon. This appeal challenges the district court's decision to keep Mr. Bacon's police supplement filed under seal over his objection. The principal error, the principal reversible error in this case, is the manner in which the district court decided the Let me interrupt you for a minute because one thing that I find a little frustrating about this case is looking at the district court record, no one ever asked Judge Neufer to unseal that record. They asked him to strike it. And the test is different for striking or unsealing and there was never any argument to Judge Neufer that this was a sealing issue that brought in the common law presumption and so how do you respond to that? Well your honor, the request in the district court was to remove the sealed supplement. One way of understanding that certainly is a request to strike but really the the substance of the request here was that the presence of the sealed document caused Mr. Bacon a couple of problems. One was the presence of the sealing itself so striking it from the docket would remove the word sealed presumably but also because the document was sealed Mr. Bacon could not access it or use the information in it to disclose the truth about his non-cooperation so it certainly could have been framed as more explicitly as a request to unseal or more explicitly as a request to strike what it was presented to the court as a request to strike in the district court. There was a motion to remove the sealed supplement that's that's essential and and I think that it is a semantic distinction because really I think what this court is getting at is the preservation question that if we didn't utter the words common law right of access in the district court is the issue preserved and if the court finds that the issue is not preserved we think that there are several reasons to to find that it is Mr. Bacon made a request of the district court the district court denied his request that is the subject of this appeal so it's not like a brand new issue. But we're at plain error here aren't we I mean all of these arguments now that have been made in the briefing pertain to presumptions of openness to judicial documents and those arguments were not made before Judge New. That's correct Judge Risco those arguments were not made and if this court is inclined to review for plain error it should because we satisfy the requirements for plain error and I'd like to say to start that that plain error is properly invoked in this case as an appellate matter as well. We assumed in the opening brief in good faith that we had a reason to think that the issue was preserved after the government challenged preservation we made an argument for plain error in our reply brief and this was a permissible approach to preserving the issue under this court's jurisprudence particularly United States versus Zander. Back back to Judge McHugh's question did the district court treat this as a motion to strike or a motion to seal what what was the district court's response to the request? Well the district court's response was to not remove the sealed supplement from the docket. But in its ruling wasn't its discussion geared to and looking at sealing? It was indeed we know that it was because the rule that it relied on the only law that it relied on to make the decision about whether or not to remove the sealed supplement was the rule in the District of Utah local rule 11-1 which provides for categorical sealing without any sort of individualized case-by-case analysis and that's the only thing that the court relied on in this case to make the decision. And if we were at a motion to strike versus a motion to seal either either issue would be abuse of discretion standard of review or is there a difference does this matter? We don't think the standard of review is dispositive because the law is well settled here but the the standard of review for making a decision about whether to seal or strike is an abuse of discretion standard but implicit within that is if there's a legal mistake if the court uses the wrong legal standard then the review is de novo so that's why there's sort of a bit of a conflation when it comes to what the standard is. We do satisfy all four elements of plain error here. The error is that the court resolved the sealing issue by relying solely on its local rule without reference to the balancing inquiry required under the common law right of access doctrine. It assumed that local rule 11-1 was the only source of law that applied that it automatically required sealing and there was no case-specific analysis done in this case. Indeed the district courts adjudication of the issue referenced the opposite of case-specific fact. Issues of inmate violence, a presentation that the judge had attended, some compelling information. There was no specificity as applied to this case. The error is plain under well settled law. The common law right of access to judicial records is well settled in the Supreme Court and in this court. Particularly we rely on the Nixon decision for setting that standard and I would refer your honors to this is an unpublished case but Judge Briscoe and Judge McHugh you were on the panel of United States versus Walker. We're not relying on that case for preservation. It's not so good for us for preservation but the the discussion of the legal principles is the most robust discussion that I've seen recently of this court that cites all of the applicable cases. Pertaining to what? Pertaining to the presumption of access. Yes the common law right of access. Certainly the common law right of access is not an absolute right. The interest can be overcome when there are countervailing interests that heavily outweigh the presumption. Who has this common law right? I mean I I was aware that was being pursued was really a right of the public. The right of the public to know and here we're talking about an individual. Does the individual take on the cloak of the public here? Well in our... It almost feels like a standing thing sometimes. It does it does although the the way I think the court should understand it is it's an interest balancing analysis. Mr. Bacon invoked the the request his request to remove the sealed supplement from the docket invoked the district courts obligation to consider the issue under the presumption of access rules which require a balancing test. So the balancing is a balancing of interests. On one side you have the presumptive right of the public to access judicial records. On the other side you have the government's interest and here the government's interest it asserts is in the integrity of the local rules and in protecting cooperators and and certainly the the interest in cooperator safety that the government advances is premised on this idea of treating all dockets the same and that idea falls apart when not all dockets are treated the same and there's no national uniformity. But there's an attempt at that the CACM committee as we like to call them. The make this a uniform policy across the country. Well that's no longer the case they experimented with it it was it was experimented with and and discussed and vetted with the eye toward making a national federal rule on this and that was rejected and the reason why one of the reasons why was it's going to raise constitutional and common law right of access problems and so the notion that the government's interest in cooperator safety standing here as a as a federal defender I certainly appreciate that the laudable goal of protecting cooperators but the value of judicial transparency should not be sacrificed for a goal whose achievability is dubious in the universe that we live in and so Judge Briscoe getting back to your point about where does Mr. Bacon's interests fall he's the one he is a party but his interests are relevant to the balancing inquiry here. Let me interject when looking at whether this this error was plain we have a rule that was adopted through congressional authority and we have other instances where for example federal rule of criminal procedure 41.1 a says that you redact certain information that redact victim child victims names victims of sexual assault we in quit tam actions we file them under seal for a period of time I mean there are all kinds of rules that don't do a case-by-case balancing that we routinely allow to violate the common law rule of access public access and it seems to me that where we have a rule in order for you to show that this error was plain you need more than the common right of access because it does yield to interests that are more global sometimes. I understand your point Judge McHugh but there are material differences here that the examples that you cite are federal rules that are uniform that have gone through a committee process of notice and comment that are nationally implemented and here we have a local rule where one judicial district has decided to essentially employ a docket disguise practice and treat the information about cooperation in a way that preferences the interests of cooperators by giving misleading information about non-cooperators so the the rules that you identify your honor are federal rules they're not local rules moreover even some of them are local the government cites the Eastern District of Virginia and that they they seal all social security actions I mean that's not national federal rule it's a local but that local rule seems to be consistent with the national rule here there is no national rule by which to assess the local rule there's no benchmark and the reason why there's no national benchmark is because the CACM committee concluded that creating a federal rule in this area would create constitutional and federal common law right of access problems just one more point in response to your question your honor and that is that even in the situations where you just have identified where the presumption is secrecy not openness you still can address to the court in its discretion a case-by-case argument for perhaps not invoking that rule in that particular case so even there there's there's room to yield to a case-by-case analysis our point here is that the presumption with respect to these judicial records that are at issue is openness unless they're on the plain air let me I'm trying to get your sort of the points you've made on plain air one is you're suggesting that the fact that there's a local rule is not doesn't it doesn't help here any because it's not controlling on a national level and it and the other is that it that the context doesn't matter the fact that this is an individual essentially asserting public rights also doesn't matter in the plain air analysis that's correct can you point to any case although in terms of what you know that we could look to that it supports you other than and I understand you're certainly I can't point to any specific fact specific cases but I don't think that I need to because this is a very nuanced area of the law this is a judicial record that should be presumptively open in fact it is where there is in play a blanket ceiling policy in a local district which is very different from how ceiling decisions are made they're supposed to be case-by-case individualized not permanent they have a very temporary case-specific quality to them and your honors just I want to save the remainder of my time but just very briefly we do satisfy the third and fourth prongs here and the only good thing about plain air in this case is that it highlights the fourth prong that openness is truly one of the cornerstones of the American judicial system that this court's job is not to take a position on should we protect co-operators should we not it's to take a view on the rule of law and the rule of law in this case is the presumption of openness and I want to challenge you for a minute on the third prong because if we did the balancing on your client now you've got the sealed record that they can't get to but you now have a docket full of motions from your client to open that record and in those cooperate with that change the balance here it would not your honor because there is this this also sort of relates to perhaps questions of standing or mootness under the third prong he needs to show a reasonable probability that but for the error claimed the result of the proceeding would be different the fact that there's all of the stuff in the open now doesn't undermine justiciability in any way and the fact that all of the stuff is in the open now is actually a animating reason it's it's a reason to support access it's a reason that undermines the government's interest in secrecy that's how the court should understand it is one of the factors that in this case undermines the interest in secrecy so if you prevail here what what would you like to see occur remanded the district court for revisiting this issue that's right your answer them I'm running out here yeah you okay may I finish go ahead okay what we would like to see happen is for this court to remand to the district court for further proceedings so that the court can assess the ceiling question under the correct legal standard thank you thank you good morning your honors may it please the court I'm Ryan tan excuse me I'm Ryan tinny and I'm here on behalf of the United States in light of the question let me just start with the case specific analysis question that seems to be one of the two central questions this appeal we've cited those various rules and statutes in our brief in which Congress and the Rules Committee have set aside certain kinds of information and said that they're going to be categorically sealed or redacted and I think the importance of that list and there could have been more but I think the importance of that list is this it's a recognition of those rulemakers it's recognition by those rulemakers there are certain kinds of information that are so categorically sensitive that we're not going to require an individual district court to engage in a case specific analysis before ordering them to be sealed just use any of those examples if a party in a criminal case files a motion or a pleading that do we really want the district court having to engage in a case specific analysis before ordering that that's what the law requires yes right and that's really our point is there's this sort of on a macro level there's this recognition that there are some kinds of information that we're just going to say seal this and you don't have to engage in a case specific analysis as the district court but are we talking there about federal rules or are we talking about local rules here we're talking about a local rule that's true and so then the question would be whether the difference isn't there huge difference I think there's a difference I push back a little bit on the huge part of it I think there is a difference but I don't think it's a difference that matters here and the reason it doesn't matter here is there's two reasons one the local districts are specifically empowered by Congress to make rules regarding the practice before their courts this rule that applies a presumption of closure which is contrary to the law we don't think it is contrary to law I mean if you get to the that's sort of the second question which is whether this is justifiable under the test but it gets very justifiable under the law the test is set forth in a number of cases is whether the interest favoring closure outweigh or heavily outweigh the interests of the public and access to the information and that require a case-by-case determination and we don't have that here we have the district court saying you know this is a because we've the committee has looked at this and we see the general good of this idea which I appreciate those thoughts but it has nothing to do with this defendant well this is where the two issues they become somewhat circular I mean the reason that the district court gives here for for sealing this information is because of the local rule and the local rule is justified by concerns that the district court refers to so long as those the test then our view is that this district court can follow that automatic rule and what is the test for satisfying the test it's originally set forth the Nixon and then it's picked up in the cases is whether the the reasons advanced by the party seeking sealing information outweigh or heavily outweigh even the interest in the public in accessing information and so so long as the district court here can point to sufficient justification for sealing this information categorically then our view is that it can rely on the rule and it doesn't have to engage in a case-specific analysis in every instance it can just say this is our rule it's sufficiently justified we're going to do this every time well is it is it appropriate to look at whether because it's a local rule and not a national rule it really can't it can't perform in a way that is hoped meaning that there is no uniformity on what's done on these sentencing supplements and so it doesn't necessarily protect co-operators in jail right it's certainly appropriate to look at it we just don't think that it's outcome determinative here it's appropriate to look at it because this is a balancing and Nixon speaks of it as a balancing the other cases speak of it as a balancing but here the district court didn't look at it the district court just said you know the defendants trying to make that argument in the district court said well I've got this rule and I'm gonna follow the rule I that is what it said I think it goes a step beyond that if you look to that portion of the transcript at the resentencing the district court specifically refers to the national studies that were underway it says on the record why it's doing this why it's falling knowledge is he acknowledges the concern of the defendant yes and the potential harm potentially but I'm not sure that's at all a balancing of the of the interests well I still essentially in the end refers to the local rules and the presumption of closure it does although there's an interesting word if you if you look to that passage one of the things that the court says is that it it refers to uses the word change in that passage so excited it's page 18 of that transcript the court says it's possible to change this rule but we're not going to because there have been studies it refers to national studies so the court is aware that the local district has the authority to perhaps change this rule but then it refers to the studies as justification for not changing the rule and so we're back to that question this gets to your earlier question judge Briscoe is there sufficient justification for this rule and the court the district court here is referring to the national studies it's referring to by reference it's it's essentially invoking these various concerns that have been identified in the various reports and studies and and this gets to your question judge McHugh and I really wanted to address this because it's part of I think it's one of the central questions of the bouncing here which is whether this rule can be justified even without a national consensus on it even without a national rule and our answer is yes I would certainly agree that it would be better it would be more effective if this were adopted nationwide I mean the interest in closure in terms of protecting cooperators they would be more pronounced if this were nationwide but the question in front of you is not whether this is the best rule the question in front of you is whether this is permissible and and the way that I've come to think of this as a practice argument is you essentially have something of a spectrum here on the one end you could have a system of total transparency and that would that would obviously benefit the public good in terms of the transparency interests but it would do so at the expense of a cooperator system on the other end you could have a system of no transparency and and that would harm the public's interest in access but it would benefit the cooperator system or you could have something in between and the different districts have gone in different directions on this and so the question in front of you under Mann and Picard and Nixon and all these cases is is there an interest here that outweighs the public's interest and if a district is looking at this and it's saying you know we're we're gonna favor this interest over that interest that's permissible because there's a significant interest in play now as to the nationwide it but it has to get down to this defendant doesn't it this case-by-case requirement how else do you overcome this presumption you have to have weighing you have to have the real facts at issue here right and it just put this general gloss is just trust us it's good for you because we're doing this nationally and we have a global idea that's a positive idea that protects cooperators I mean is that's not enough is it we think it is enough I think there's two components to your question one none of the cases cited from this quarter for the Supreme Court have held that this presumption has to apply even in the face of a binding categorical rule so if you were to say in this appeal that if a district court is confronted with a binding categorical rule it doesn't have to engage in a case-by-case analysis is the binding the binding local this is a local rule that's true this local rule it can it can counter presumptive the presumption here as long as it's justified I mean and again back to the loop we're back to that speak of the justification gets back to a case-by-case analysis as regards this defendant right and so let me address this in terms of the national impact and then work my way down it's true that it would be better if it were if it were nationwide but it doesn't have to be nationwide there's evidence even within this record that shows that even on a case-by-case basis that this is effective on some level we've cited on page 51 of our brief to the FJC supplemental report the FJC supplemental report which was issued in 2016 reported a survey done of district court judges and that survey this is the report quote the results suggest that districts adopting steps to protect cooperating information often see lower rates of harm than those that do not in quote districts that adopt a policy and it's referring to a uniform policy see less harm than those that do not so even if this is just done on a district-by-district basis there is some evidence that suggests that this has an impact a positive impact on cooperator safety and so so that would be our starting point on on the nationwide question but then there's another interest which adds on top of that which is this isn't just a function of cooperator safety versus non cooperator safety there's also the systemic component as well which is that if you create a system that protects cooperators you're going to make it easier for a person to cooperate and that's a pronounced public good the cooperation system has benefits it helps solve it helps solve crimes it helps prevent future crimes thereby preventing the creation of future crime victims and so if you if you have a system that not only protects cooperators and again the data suggests that it does but it also makes it easier for the cooperation system to function effectively and if you come back to the test this is really my response to your question just Briscoe if you come back to the test which is information can be sealed even under the cases it can be sealed if the end if the reasons for doing so outweigh the public interest and there's evidence here that shows that one it protects cooperators and two it enables a functioning cooperator system that's enough I mean there are cases that have information Nixon permits the stealing of information and so there's enough here for the district court to look at this and say on this spectrum here's our solution and there's reason to think it's effective and so then this comes back to this question this is the sort of chicken and egg part of this argument can it do it by a uniform rule and the answer is yes it can do it by uniform rule because no Supreme Court case has said that it can't well is that a plain error argument and that would fold into our plain error so if we disagreed with you and we thought there was error here your position is any error was not blamed yes and why why not because we've got Nixon saying case-by-case analysis we've got Tenth Circuit cases saying case-by-case analysis why isn't it because all of those cases Nixon the card a person all of those cases involved a motion to seal that was filed within the context of an individual case and the district court was not bound by a particular rule none of those cases said that a district court cannot follow or adopt a categorical rule so that's the difference that is it right that is that there's a there's a local rule here yeah there's a local rule is there a Supreme Court case saying that a local rule can overcome in this in this context I'm not aware the the presumption in favor of opening and keeping the records open I'm not aware of a case isn't that really what the plain error is then that there's no case allowing a switch of the presumption to closure by a local rule so isn't that the error that's playing well as the appellant he would have the burden of establishing the plain error so he would have the burden of establishing this obvious and he establishes what the presumption is and he says it's plain it's plain error for for the courts to adopt a local rule that turns that presumption on its head there's no authority for that right except he would have to show that it's obvious that the district court cannot and then our response there would be look at the overall landscape of the law look at the numbers saying because they did it it's obvious that they can no I'm not getting that I think I'm saying something a little bit different with respect your honor which is that if you if you're assessing obviousness you're looking at the cases and you're looking at how the systems work and there is a there's a broad scale understanding in the law that there are some kinds of information that are categorically sealed despite the presumption despite the common law despite the First Amendment with that whole list of statutes and rules and so if a district court is looking at this unpreserved objection and saying can I do this can I enforce this rule and then it sees this large number of other circumstances in which courts are required to do this sort of thing the answer would be it's not obvious that I can't the other thing that we would point to there is what the Supreme Court did with PS ours we cited to the center brief this is the Julian decision the Supreme Court in Julian flips the presumption to use your phrase Judge Moritz flips the presumption on his head and it does it does so by judicial action it says this kind of information is so categorically sensitive that that ordinary presumption is we're gonna reverse it in the party that wants it to be unsealed has to overcome that the information have a judicial exception here though we have a local rule what except that applies and in a blanket fashion sorry except that the argument that the defendant is making here is a common law argument and so he's having to say he has to convince you because this is up on point error he has to convince you that the common law forbids a district court from adopting and or following a local rule and our point is if the Supreme Court has already flipped the presumption by case law and if Congress and the rulemakers have already recognized a circumstances that can also flip the presumption why would it be obvious that it is a local district court can't do this to under its congressionally delegated authority particularly where the reasons for categorically sealing this information are consistent with the reasons for the PS ours being confidential and particularly where the unique reasons for sealing this information almost depend on the intra district uniformity I mean this is really a unique circumstance because the system sort of rises or falls based on it being followed uniformly within the district and so well and that's only one district and there are many in these United States I mean we did not have uniformity across the nation on this issue that and as you know the bus pulls up to the penitentiary every morning and moves people out to different penitentiaries all across the country so what happens in this district really I mean there's a lot of their districts at play and for uniformity to matter it has to be literally uniform absolutely and it's not my red light just yeah come on can I respond that yes please okay we'd again refer back to the FJC supplemental memorandum which specifically says that even on a district-by-district basis the districts that have adopted a uniform policy are seeing better results the other thing that we refer to is that Utah is not a lone in this 15 other districts and that list we've put forward but really there's sort of an experimentation component to this where there's nothing in the common law again that's the question does the common law say that Utah cannot do this and as long as there's reason to think that this is going to help and there is then we think that the common law doesn't forbid this thank you thank you for your argument this morning thank you both